IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES COTTON,<br><br>                Plaintiff,<br><br>vs.<br><br>DOUGLAS COUNTY, NEBRASKA; and JACQUELINE ESCH, in her official capacity as a medical doctor of Defendant Douglas County Department of Corrections;<br><br>                Defendants. | **8:16CV153**<br><br>**ORDER** |

      This matter is before the Court on correspondence from plaintiff James Cotton ("Cotton") (Filing No. 27). The Court construes the correspondence as a Motion for Appointment of Counsel and for an Extension of Time in which to File an Amended Complaint. This is an action for deprivation of civil rights under the Civil Rights Act of 1871, 42 U.S.C. § 1983; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, as amended, and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343. Cotton, now proceeding pro se, is an inmate at Douglas County Department of Corrections ("DCDC"). He has been granted leave to proceed in forma pauperis.

      On October 5, 2016, in a ruling on the defendants' Motion to Dismiss, the Court granted Cotton, then represented by counsel, leave to file an Amended Complaint within fourteen days. Thereafter, United States Magistrate Judge Thomas Thalken granted Cotton's counsel leave to withdraw, denied Cotton's request for appointment of counsel, and extended the deadline for filing an Amended Complaint to November 23, 2016. The

present motion was filed on November 28, 2016, but was postmarked November 23, 2016, and is therefore timely under the "prison mailbox rule."[1]

Cotton again requests appointment of counsel and relates to the Court that he needs additional time because he has allegedly been assaulted by DCDC staff in retaliation for filing a complaint and has been denied access to legal materials. The appointment of counsel in a civil case is governed by 28 U.S.C. § 1915(e)(1). It is within the district court's sound discretion whether to appoint counsel for those who cannot pay for an attorney under this provision. *See In re Lane*, 801 F.2d 1040, 1044 (8th Cir. 1986); *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (explaining that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel"). "The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel [.]" *Id.*; *see Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984). In determining whether a person who is indigent should be appointed counsel, the Court should "tak[e] into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim[s]." *Davis*, 94 F.3d at 447.

Cotton has not provided any additional justification for appointment of counsel and the Court finds appointment of counsel is not necessary. Cotton's claims are relatively straightforward. He has demonstrated, in his correspondence to the Court, an

---

[1] *See United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006) ("Under the prison mailbox rule, a pro se pleading is deemed filed upon deposit in the prison mail system prior to the expiration of the filing deadline."); *see also Sulik v. Taney Cnty.,* 316 F.3d 813, 815 (8th Cir. 2003) (extending the prison mailbox rule to 42 U.S.C. § 1983 actions), *rev'd in part on other grounds*, 393 F.3d 765 (8th Cir. 2005). In appellate proceedings, the prison mailbox rule has been extended to all documents filed by pro se prisoners. Fed. R. App. P. 25(a)(2)(C). Although there is no counterpart to Federal Rule of Appellate Procedure 25(a)(2)(C) in district courts, some courts have applied the prison mailbox rule to district-court filings. *E.g., Bunch v. Riley*, No. 06-5220, 2008 WL 4278174, at *1 (W.D. Ark. Sept. 18, 2008); *Mortensbak v. Butler*, 102 F. Supp. 3d 1085, 1091 n.6 (D.S.D. 2015).

ability to adequately convey his alleged injuries and claims. Accordingly, the Motion for Appointment of Counsel will be denied without prejudice to reassertion at a later time. In the interest of justice, the Court will grant Cotton an extension of time to file an amended complaint.

**IT IS ORDERED:**

1. Cotton's correspondence (Filing No. 27) construed as a Motion for Appointment of Counsel and for an Extension of Time in which to File an Amended Complaint is GRANTED in part and DENIED in part as set forth in this order.

2. Cotton's motion for appointment of counsel is DENIED.

3. Cotton's motion for an extension of time is GRANTED.

4. Cotton shall file an amended complaint within twenty-eight (28) days of the date of this order.

5. The Clerk of Court shall provide a copy of this Order to Cotton at his last known address.

Dated this 5th day of December, 2016.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge